IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                          No. 1:15-cr-10018-JDB-11

BRIAN ROBERTSON,

    Defendant.

NOTICE REGARDING § 2241 RELIEF
AND
ORDER DIRECTING CLERK TO MAIL FORM

On February 21, 2024, Brian Robertson, Bureau of Prisons Register No. 29518-076, an inmate confined at United States Penitentiary Beaumont, Texas, filed a motion seeking, in part, to have his federal sentence run concurrent to a state sentence. (Docket Entry 757.) Federal courts may issue writs of habeas corpus when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A § 2241 petition is appropriate where, as here, an inmate challenges the execution of his federal sentence. *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991) ("Because defendant Jalili is challenging the manner in which the sentence was being executed, rather than the validity of the sentence itself, Section 2255 does not apply."); *see Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam) (§ 2241 addresses the execution of a federal sentence). Thus, as Defendant's request to have his federal sentence run concurrent with a state sentence amounts to a challenge to the execution of his federal sentence, the appropriate vehicle for seeking such relief is a § 2241 petition.

Twenty-eight U.S.C. § 2241(a) provides that district courts may only grant writs of habeas corpus "within their respective jurisdictions." *See Wooten v. United States*, No. 23-1072, 2023 WL 5519152, at *2 (6th Cir. Aug. 23, 2023) ("When a habeas corpus petitioner challenges his 'present physical confinement,'. . . jurisdiction lies in only one district: the district of confinement."). The law is clear that the proper venue for a § 2241 petition is the judicial district where the petitioner is confined or where his custodian is located. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977) ("The habeas corpus power of federal courts over prisoners in federal custody has been confined by Congress through 28 U.S.C. § 2241 to those district courts within whose territorial jurisdiction the custodian is located.").

To the extent Robertson seeks relief governed by § 2241, he is not confined in this jurisdiction. Rather, the proper venue for his petition would be the United States District Court for the Eastern District of Texas, Beaumont Division. *See* 28 U.S.C. § 124(c)(2). After his exhaustion of administrative remedies, Defendant may file a § 2241 petition in that court.

The Clerk is DIRECTED to mail Robertson a form for [Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241](#) (AO 242).

IT IS SO ORDERED this 13th day of May 2025.

                                          s/ J. DANIEL BREEN
                                          UNITED STATES DISTRICT JUDGE